UNITED STATES of America, Plaintiff

v.

Victor VEGA–ENCARNACION, Defendant.

No. 04–310–M.

United States District Court, D. Puerto Rico.

Sept. 30, 2004.

Lynn M. Doble–Salicrup, San Juan, PR, for Plaintiff.

Luis R. Rivera–Rodriguez, San Juan, PR, for Defendant.

## ORDER AND FINDINGS OF DETENTION

GELPI, United States Magistrate Judge.

### I. *Introduction*

On September 10, 2004, defendant was charged via complaint with committing a

money laundering offense from on or about December 27, 2000 up to and including, December 28, 2000. The charged offense consists in defendant allegedly delivering and thereby attempting to conceal funds obtained from drug trafficking in the amount of $71,470.00. A preliminary hearing was held before the undersigned on September 22, 2004, whereupon, probable cause was found for violation of the money laundering statute, 18 U.S.C. § 1956(a)(1)(B)(i). A detention hearing followed, and was continued on September 28, 2004.

## II. *The Detention Hearing*

At the detention hearing, the Government moved for the defendant's pretrial detention. It pointed to the Court the fact that defendant has two prior federal drug trafficking convictions, dated 1989 and 2001. As to the latter, defendant is still on supervised release. The Government also proffered that defendant is presently the subject of an ongoing federal drug trafficking investigation.[1] However, aside from a proposed *ex-parte* proffer, the Government could not provide further details about the same.[2] Additionally, the Government has presented evidence to the effect that federal authorities recently seized $187,000 in checks from defendant. Also, the Government stated that in excess of $300,000 in cash belonging to defendant were seized from a vehicle in the residence of defendant's wife.[3] Finally, the Government stated that defendant has in his possession several vehicles and properties, though not in his name.

Defendant, in turn, argued the following at the detention hearing. First he noted that the alleged money laundering offense dated back four (4) years to late December, 2000, a period overlapping with the offense conduct which led to his February, 2001 guilty plea conviction for possession with intent to distribute heroin. Next, he presented the testimony of Mr. Oriel Ramírez Rodríguez, a former banker and commercial developer. This gentleman stated that he had met defendant over one year ago when defendant worked as a paralegal in his same building. He also stated that he was aware of the fact that defendant had prior drug convictions. Notwithstanding, Ramírez Rodríguez decided to give defendant an opportunity to enter the residential development business because he saw a leadership quality in him. Because Ramírez Rodríguez owns several plots of land which are intended for development, he assisted defendant in setting up a business to develop said properties, as well as to repair his daughter's apartment.

Ramírez Rodríguez further acknowledged that he provided defendant with several checks from Doral Bank totaling $187,000.00. These checks had no funds in the bank at the time, but were provided to defendant as a guaranty for his work. He also stated that he provided to defendant a 2000 Tundra vehicle. Finally, he stated that at the start of their business relationship, he advised and instructed defendant to obtain the services of an accountant so that defendant's lawful work, as well as all

---

**1.** The Government has not represented to the Court that the ongoing investigation is in anyway connected to the defendant's alleged act of money laundering in 2000, which is the subject of the present complaint.

**2.** The Court did not accept the *ex-parte* proffer on the ground that any evidence used for detention purposes, necessarily had to be dis-

closed to the defendant to the extent that he be in a position to question or rebut the same. *See United States v. Trainor*, 277 F. Supp 2d 1278, 1288 (S.D.Fla.2003).

**3.** Said monies were seized administratively by the Government.

payments made to his construction crew, would be evidenced.

Finally, defendant presented to the Court copy of his construction contract with Mr. Ramírez Rodríguez (Exh. A), his certificate of incorporation (Exh. B), and, plot plans for the development of projects in Guaynabo (Exh. C) and Camuy (Exh. D) owned by Mr. Ramírez Rodríguez. The nature of Exhibits A, C and D was corroborated by Mr. Ramírez Rodríguez, who also informed the Court that he is willing to post a $100,000.00 bond secured by real estate to have defendant released pending trial.

### III. *Discussion*

■ The Court must determine, based on the evidence presented, whether the defendant's pre-trial detention is warranted on grounds of dangerousness to the community and/or risk of flight. 18 U.S.C. § 3142(b). Dangerousness must be proven by clear and convincing evidence. 18 U.S.C. § 3142(f); *United States v. Patriarca*, 948 F.2d 789, 792 (1st Cir.1991). Risk of flight must be proven by a preponderance of the evidence. *Patriarca*, 948 F.2d at 793.

In determining whether a defendant must be detained pending trial, the Court must consider the following factors: (i) the nature of the crime charged and the circumstances surrounding the same, (ii) the history and characteristics of the defendant, (iii) the seriousness of the dangers posed by the release of the defendant, and, the strength of the evidence of the defendant's guilt. 18 U.S.C. § 3142(g); *Patriarca*, 948 F.2d at 791; *United States v. Tortora*, 922 F.2d 880, 884 (1st Cir.1990).

### (i) *Danger to the Community*

■ The defendant is presently being charged for a single act of alleged money laundering which took place four years ago, and is recorded on audio tape. This purported crime took place at a time when defendant was engaged in drug distribution activities. Thus, it is reasonable to infer that it is somehow connected to the defendant's previous illegal activities which yielded his 2001 conviction. This single act, in and of itself, is insufficient grounds for the Court to presently detain defendant on dangerousness grounds. To obtain detention, however, the Government attempts to have the Court consider criminal conduct currently being investigated and as to which charges are yet to be filed against defendant.

■ As stated at footnote 2, *ante*, the Court, absent extraordinary circumstances, will not consider as conclusive evidence of dangerousness the Government's *ex parte* proffer that defendant is the subject of an ongoing drug trafficking investigation. While certainly the Court is not impeded from considering such evidence, if it does consider the same, defendant must be generally afforded an opportunity to contest or rebut it.

The fact that defendant within a year of his release from incarceration may be in possession of large sums of cash, have access to bank credit, as well as possess several vehicles and properties, certainly raises a red flag as to the lawfulness of his current dealings. However, the Government's evidence, as presented to the Court, does not rise to the level of "clear and convincing" so as to warrant defendant's detention on dangerousness grounds.

### (ii) *Risk of Flight*

■ Because risk of flight can be determined on a lower standard of proof than danger to the community, the information presented by the Government as to defendant's access to monies is of more weight in this instance. The defendant, however,

has presented evidence indicative that he has legitimate access to large amounts of monies in light of his commercial relationship with Mr. Ramírez Rodríguez.[4] Further, Mr. Ramírez Rodríguez has agreed to post a secured bond to have defendant released.

Notwithstanding, the Court finds that at present there exist other factors which indicate that defendant poses a risk of non-appearance. First, he has not provided any information to pretrial services upon which to adequately corroborate his place of residence nor verify his employment.[5] This is information which is necessary for the Court to determine all possible release alternatives. In addition, during his term of supervised release for the 2001 conviction, defendant tested positive to cocaine, which he accepted as recently as April 13, 2004. Further, while Mr. Ramírez Rodríguez has vouched for the defendant and is willing to bail him, their acquaintance is a relatively recent one, and does not amount to strong family community ties. Given this, the Court is without choice but to order defendant's pre-trial detention.

### IV. *Conclusion*

In light of the above, the Court hereby **ORDERS** defendant detained pending trial.

**SO ORDERED.**

---

**4.** As to the cash seized administratively in the home of defendant's spouse, the Government, aside from alleging it belongs to defendant, has provided no other corroborative evidence of such fact.

**5.** When arrested in 2001, defendant also did not provide such information to pretrial services.